# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**BARRON BORDEN, # 164982**                                                                     **PLAINTIFF**

**VERSUS**                                          **CIVIL ACTION NO. 1:11-cv-193-HSO-JMR**

**JACKSON COUNTY, MISSISSIPPI,** *et al.*                                **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER OVERRULING OBJECTIONS, MODIFYING REPORT AND RECOMMENDATIONS, AND DISMISSING PLAINTIFF'S CLAIMS AGAINST DEFENDANT JOE MARTIN

This matter is before the Court on Plaintiff's Objections [25] to Chief Magistrate Judge John M. Roper's Report and Recommendations [24]. The Magistrate Judge reviewed Defendant Joe Martin's Motion to Dismiss [22], and recommended that the Motion [22] be granted, and that Plaintiff's claims against Martin be dismissed for lack of jurisdiction. Report and Recommendations, at pp. 5–6. Plaintiff filed Objections [25] to the Report and Recommendations on March 9, 2012. After review of the record, the Court, being fully advised in the premises, finds that Plaintiff's Objections should be overruled, that said Report and Recommendations [24] should be modified as stated herein, that Martin's Motion to Dismiss [22] should be granted, and that Plaintiff's claims against Martin be dismissed with prejudice.

## I. BACKGROUND

A.    Procedural Background

The Magistrate Judge determined that the Court lacks subject matter jurisdiction over Plaintiff's claims against Martin, pursuant to the *Rooker/Feldman* doctrine, because he found that Plaintiff's allegations could be construed as

requests for review of a state court order, or as issues that are inextricably intertwined with those orders. Report and Recommendations [24], at p. 5 (citing *McCormick v. Dempster*, 82 F. App'x 871 (5th Cir. 2003)). The Court need not address whether Plaintiff's claims against Martin are barred by the *Rooker/Feldman* doctrine, because even if they were not, Plaintiff fails to state a claim against Martin pursuant to Federal Rule of Civil Procedure 12(b)(6). Accordingly, the Court will modify the Magistrate Judge's recommended disposition pursuant to Federal Rule of Civil Procedure 72(b)(3), and dismiss Plaintiff's claims against Martin pursuant to Rule 12(b)(6), for the reasons stated herein.[1]

Plaintiff makes no specific factual allegations against Martin in either his original Complaint [1] or in his Motion to Amend [5]. He does state that "[a]ll of the defendants are to be sued in their individual and official capacities." Compl. [1], at p. 6. The Court takes judicial notice of the fact that Martin is the Circuit Clerk of Jackson County, Mississippi. In Plaintiff's Response [15] to the Magistrate Judge's Order [14] entered June 29, 2011, Plaintiff states that "Defendant Martin refuses the plaintiff <u>all</u> items he filed in a Motion for Discovery. Plaintiff, by state law – U.R.C.C.P. #9.04 and Federal Law - 'access to Public Records. [sic]" Resp. [15], at p. 7 (emphasis in original). Rule 9.04 of the Mississippi Uniform Rules of Circuit and County Court Practice concerns discovery in Mississippi state courts and what

---

[1]In ruling upon Martin's Motion to Dismiss, the Court need not consider whether Plaintiff has exhausted his administrative remedies, as required by the Prison Litigation Reform Act ["PLRA"], 42 U.S.C. § 1997e(a). *See* 42 U.S.C. § 1997e(c)(2) ("In the event that a claim . . . fails to state a claim upon which relief can be granted, . . . the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies.").

-2-

documents the prosecution must disclose to criminal defendants during discovery.

Plaintiff also maintains that

> Joe Martin is an officer of the Court and suppose [sic] to protect those constitutional rights. Defendant Joe Martins visits the JCADC on every walk through the facility when the Grand Jury meets.

Objs. [25], at p. 2. Plaintiff has attached to his Objections a copy of a "Petition for Order to Show Cause" [25-1], which appears to have been filed on April 6, 2011, in a proceeding in the Circuit Court of Jackson County, Mississippi, against the State of Mississippi, and which was stamped "FILED" by Martin in his capacity as Circuit Clerk. The Petition advances no claims of wrongdoing by Martin, but contains allegations similar to those raised in this case regarding conditions of confinement at the Jackson County Adult Detention Center ["JCADC"]. Based on a liberal construction of Plaintiff's *pro se* pleadings, Plaintiff arguably attempts to assert constitutional conditions of confinement and access to court claims against Martin, in his official and individual capacities.

B.  Legal Standard

Because Plaintiff has filed Objections [25] to the Magistrate's proposed findings and recommendations, the Court applies a *de novo* standard of review. 28 U.S.C. § 636(b)(1). On October 24, 2011, Defendant Joe Martin ["Martin"] filed a Motion to Dismiss Plaintiff's claims asserted against him, pursuant to Federal Rule of Civil Procedure 12(b)(6). Mot. [22], at p. 1. "To survive dismissal pursuant to Rule 12(b)(6), plaintiffs must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Doe ex rel. Magee v. Covington Cnty. School Dist.*, 675 F.3d

849, 854 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). At this stage, the question before the Court is not whether Plaintiff will ultimately prevail, but "whether his complaint was sufficient to cross the federal court's threshold . . . ." *Skinner v. Switzer*, 131 S. Ct. 1289, 1296 (2011).

Plaintiff attempts to assert claims against all Defendants in this case pursuant to 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege facts showing that a person, acting under color of state law, deprived the plaintiff of a right, privilege or immunity secured by the United States Constitution or the laws of the United States." *Bryant v. Military Dep't of Miss.*, 597 F.3d 678, 686 (5th Cir. 2010).

## II. DISCUSSION

A.  Individual Capacity Claims Against Martin

   1.  Conditions of Confinement

The gravamen of Plaintiff's lawsuit is that he was subjected to unconstitutional conditions of confinement at the JCADC during his incarceration there. A "conditions of confinement" claim raises a constitutional attack on general conditions, practices, rules, or restrictions of pretrial confinement. *Scott v. Moore*, 114 F.3d 51, 53 (5th Cir. 1997) (citing *Hare v. City of Corinth*, 74 F.3d 633, 644 (5th Cir. 1996)). While Plaintiff alleges that Martin visits the JCADC when the grand jury meets, there is no allegation that Martin was a jail official, that he had any impact at all on the conditions of confinement there, or that he possessed any authority to regulate those conditions in any way. *See* Miss. Code Ann. §§ 13-5-55

(requiring each grand jury impaneled to make personal inspection of county jail and make reports thereof to the court) and 47-1-31 (requiring each grand jury impaneled to examine the records of county prisoners and their treatment and condition and report the same to the court).

Plaintiff has not alleged that Martin deprived him of a right, privilege or immunity secured by the United States Constitution or the laws of the United States. *See Bryant v. Military Dep't of Miss.*, 597 F.3d 678, 686 (5th Cir. 2010). There is no allegation that Martin had any type of direct, personal involvement in the conditions of Plaintiff's confinement, or that any purportedly wrongful actions of Martin's were causally connected thereto. *See Jones v. Lowndes Cnty., Miss.*, 678 F.3d 344, 349 (5th Cir. 2012). Accordingly, Plaintiff fails to state a constitutional conditions of confinement claim against Martin.

2. <u>Access to Courts</u>

Plaintiff next maintains that he is entitled free copies of certain documents. Compl. [1], at pp. 4–5. Plaintiff asks the Court to enter an Order requiring Defendants to "handover to the plaintiff '<u>all</u>' of the items" he requests in his Complaint. *Id.*, at p. 4 (emphasis in original). To the extent that Plaintiff's allegations could somehow be construed as a § 1983 claim for denial of a constitutional right of access to courts, he fails to state such a claim against Martin.

"Meaningful access to the courts is a fundamental constitutional right, grounded in the First Amendment right to petition and the Fifth and Fourteenth Amendment due process clauses." *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir.

1993) (quoting *Chrissy F. v. Miss. Dept. of Public Welfare*, 925 F.2d 844, 851 (5th Cir. 1991)). A plaintiff "may establish a violation of this right by showing that he was not provided with the means 'to file a legally sufficient claim.'" *Smith v. Stewart*, 8 F.3d 20, 1993 WL 455525, *1 (5th Cir. 1993) (quoting *Mann v. Smith*, 796 F.2d 79, 84 (5th Cir. 1986)). "To state a constitutional violation, a prisoner must show that his access to the courts has been, in fact, prejudiced." *Id.*

Plaintiff has not alleged that he made any request to Martin for the documents at issue, or that Martin has intentionally withheld the documents. Nor has Plaintiff articulated what actual injury he purportedly suffered as a result of not receiving the requested documents. Plaintiff has not alleged that Martin actively interfered with his attempts to prepare or file legal documents, or that Martin otherwise hindered his efforts to pursue a habeas petition, a § 1983 claim, or a direct appeal from the conviction for which he is incarcerated. *See Lewis v. Casey*, 518 U.S. 343, 350–55 (1996) (citations omitted). In short, Plaintiff has failed to state a constitutional access to courts claim against Martin. In addition, without an actual injury, Plaintiff has no standing to pursue his access to courts claim against Martin. *See id.* To the extent that Plaintiff is asserting that Martin somehow violated state law, violation of state law alone does not give rise to a cause of action under § 1983. *Williams v. Treen*, 671 F.2d 892, 900 (5th Cir. 1982).

B.  Official Capacity Claims Against Martin

Plaintiff's § 1983 claims against Martin in his official capacity are in actuality claims against Jackson County, Mississippi. *See Kentucky v. Graham*, 473

U.S. 159, 166 (1985). To establish a § 1983 claim against the County, the alleged deprivation of constitutional rights "must be connected to 'a governmental custom,' 'policy statement, ordinance, regulation, or decision officially adopted and promulgated by the body's officers.'" *Jones v. Lowndes Cnty., Miss.*, 678 F.3d 344, 349 (5th Cir. 2012) (quoting *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 690–91 (1978)). As to Martin, Plaintiff has not identified any custom or policy to which he traces his alleged deprivation of rights. Nor has he alleged that Martin was a policymaker. *See Brooks v. George Cnty, Miss.*, 84 F.3d 157, 168–69 (5th Cir. 1996) (holding that under Mississippi law the clerk was not the policymaker in the county circuit court system, that circuit clerk could not be liable under § 1983 for failing to establish a policy of sending orders to parties in a criminal proceeding, and that circuit clerks merely have a duty to file and docket all papers filed in each court case) (citing Miss. Code Ann. §§ 9-7-171, 9-7-175, and 9-7-177; *In re Collins*, 524 So. 2d 553, 555 (Miss. 1987)). Finally, Plaintiff has not adequately alleged the deprivation of any of his constitutional rights by Martin. Plaintiff's official capacity claims against Martin cannot survive the Rule 12(b)(6) challenge.

C.   Plaintiff's Request to Amend

In his original Complaint [1], Plaintiff "request[ed] and assert[ed] his rights within the Fed. R. Civ. P. to amend, his Complaint." Compl. [1], at p. 6. To the extent that this could be construed as a request to amend his Complaint as against Martin, Plaintiff's request is not well taken. Federal Rule of Civil Procedure 15 provides, in relevant part, that "[t]he court should freely give leave [to amend a

complaint] when justice so requires." FED. R. CIV. P. 15(a)(2). The Fifth Circuit has instructed that, when considering whether to allow amendment pursuant to Rule 15(a), a court should consider factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *In re American Intern. Refinery, Inc.*, 676 F.3d 455, 466–67 (5th Cir. 2012) (quoting *In re Southmark*, 88 F.3d 311, 315 (5th Cir. 1996)). With respect to *pro se* claimants, the Fifth Circuit has held that

> [g]enerally a district court errs in dismissing a *pro se* complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend . . . . Such error may be ameliorated, however, if the plaintiff has alleged his best case, or if the dismissal was without prejudice.

*Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998).

The Court has previously granted Plaintiff opportunities to amend his Complaint and his allegations against Martin. *See* Order [14], at pp. 1–2 (granting in part and denying in part Plaintiff's Motion to Amend [5], and requiring Plaintiff file a written response specifically stating how Martin violated his constitutional rights, among other things); Pl.'s Resp. [15] to Court's Order [14], at pp. 2–8. In addition, the Court finds that any amendment of the claims against Martin would be futile. Plaintiff has been given the opportunity to, and has, "alleged his best case," yet he is unable to state a § 1983 claim against Martin. *Bazrowx*, 136 F.3d at 1054.

## III.  CONCLUSION

For the reasons stated herein, after thoroughly reviewing the findings in the Report and Recommendations, in addition to the positions advanced in Plaintiff's Objections [25], the Court finds that Plaintiff's Objections should be overruled, and that the Magistrate's Report and Recommendations [24] should be modified as stated herein.  Plaintiff's claims against Martin should be dismissed.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff's Objections [25] filed in this cause on March 9, 2012, are **OVERRULED.**

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Report and Recommendations [24] of Chief Magistrate Judge John M. Roper, should be, and hereby are, modified as stated herein.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Defendant Joe Martin's Motion to Dismiss [22] should be, and hereby is, **GRANTED**, and Plaintiff's claims against Defendant Joe Martin, in both his official and individual capacities, are **DISMISSED WITH PREJUDICE.**

**SO ORDERED AND ADJUDGED**, this the 6th day of August, 2012.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE