IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

BARRON BORDEN                                                                                      PLAINTIFF

VERSUS                                    CIVIL ACTION NO.: 1:11cv193-HSO-JMR

JACKSON COUNTY, MISSISSIPPI;
SHERIFF MIKE BYRD; AND MAJOR
KEN BROADUS                                                            DEFENDANTS

## **REPORT & RECOMMENDATION**

This matter is before the Court on the Defendants Jackson County, Mississippi [Jackson County]; Sheriff Mike Byrd [Byrd]; and Major Ken Broadus [Broadus], Motion [30] for Summary Judgment which is accompanied by a Memorandum in Support [31] thereof. Also before the Court is Barron Borden's [Borden] Motion [32] for Summary Judgment. The Court, being fully advised in the premises, and after carefully considering the pleadings filed as a matter of record, along with the applicable law, recommends that the Defendants' Motion for Summary Judgment should be granted, that the Plaintiff's Motion for Summary Judgment should be denied and that Plaintiff's Complaint in the above-captioned action should be dismissed.

STATEMENT OF THE CASE

Barron Borden [Borden] filed this *pro se* claim pursuant to 42 U.S.C. § 1983 against Defendants and alleged that he suffered a violation of his constitutional rights while being detained as a pretrial detainee at the Jackson County Adult Detention Center [JCADC]. [31, p. 1] Specifically, Borden asserts that the JCADC is overcrowded, that he lacks access to functioning toilet and shower facilities; that the facilities are not kept free of rodents and there is no moderation of temperature; that the classification system in the facility is discriminatory; that there is no administrative remedy in place to resolve issues at the facility and that he was denied access to the courts because the JCADC does not have a model

penal library or a person trained in the law to assist the inmates. [1, 5, 15.]

Barron contends that he was arrested without a warrant by the Jackson County Sheriff's Department [JCSD] on October 8, 2008, and not presented to a magistrate until October 13, 2008, in violation of the Fourth Amendment of the United States Constitution. [34, p. 1.] Borden asserts that his Fifth Amendment rights were violated when he was "interrogated for two days by the Federal Bureau of Investigation." (*Id.*) He contends that the JCSD "unlawfully detained" him during that time. (*Id.*, p. 2.) Borden asserts that his First and Fourteenth Amendment rights to access to courts were violated while he was detained because the JCADC law library has an "inadequately trained person assisting inmate." (*Id.*) Borden was not brought for a preliminary hearing on state charges until he was convicted on federal charges on May 15, 2009. (*Id.*)

Broadus allegedly went through Borden's personal belongings and threw away newspaper clippings and notes which Borden contends were needed for his trial although Borden asked Broadus not to search his belongings. (*Id.*) He contends that his legal materials were inspected following the federal trial, and that materials were removed and stored which he alleges hampered his ability to address his federal *habeas corpus* petition. (*Id.*, p. 3.)

Borden maintains that his right to due process of law was violated by the conditions of confinement at the JCADC. (*Id.*, p. 4.) He claims that there were no drinking coolers with fresh water, and that the toilet and bath facilities were inadequate. (*Id.*) He asserts that conditions were unsanitary and that he was forced to sleep on the floor at times. (*Id.*, pp. 4-5.)

Borden indicates that the Defendants are sued in their individual and official capacities. [1, p. 6.] He contends that Broadus and Byrd "directly participated in the wrong, personally knew about the wrong but did nothing to try to fix or stop it." (*Id.*) He states that he is requesting injunctive relief at

this time and seeks one million dollars in compensatory damages; nominal damages of one dollar and consequential damages of $250,000. [1, pp. 4-5; 5, pp. 6-7.] Borden also lists declaratory relief under 28 U.S.C. § 2202 as one of his claims. [5, p. 7.] Several documents were listed in the complaint and Borden requests that an order be issued for the defendants to turn over each of those items to Borden. [1, p. 4.] Borden also indicates that he is confined at the Wilkinson County Correctional Facility in Woodville, Mississippi. [5, p. 7.] Borden has filed for post-conviction collateral relief in Jackson County, Mississippi. [15, p. 7.] He claims that his rights under the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments were violated. (1, p. 4; 15, p. 8.)

The Defendants assert that Borden was a pretrial detainee from the time of his arrest on October 8, 2008, until his release from the JCADC on February 22, 2011. The Defendants indicate that Borden was convicted on federal charges on August 26, 2009, but remained a pretrial detainee on state charges the remainder of the time.

Borden's Motion for Summary Judgment claims that Borden will prevail on all factual issues. [32, p. 2.] Borden claims he had to sleep on the floor and live in housing with mold and mildew on the floors, ceilings and walls. [32, p. 3.] He claims that he was not given any yard call or recreational time, and that his legal work was confiscated. (*Id*.)

## **STANDARD OF REVIEW**

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). "The mere existence of a factual dispute does not by itself preclude the granting of summary judgment." *St. Amant v. Benoit*, 806 F.2d 1294, 1296-7 (5th Cir. 1987). "The requirement is that there be no <u>genuine</u>

issue of <u>material</u> fact." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). In other words, "[o]nly disputes over the facts that might effect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Furthermore, it is well settled in this circuit that "[b]are bones allegations are insufficient to withstand summary judgment because the opposing party must counter factual allegations by the moving party with specific, factual disputes; mere general allegations are not a sufficient response.'" *Howard v. City of Greenwood*, 783 F.2d 1311, 1315 (5th Cir. 1986) (*quoting Nicholas Acoustics Specialty Co. v. H & M Constr. Co.*, 695 F.2d 839, 845 (5th Cir. 1983)).

In considering a motion for summary judgment, the trial court views the evidence in the light most favorable to the party resisting the motion. *See Howard*, 783 F.2d at 1315. To survive summary judgment, the non-movant must demonstrate the existence of a disputed issue of material fact. *See Anderson*, 477 U.S. at 247-8. To avoid the entry of summary judgment, the non-moving party must bring forth significant probative evidence demonstrating the existence of a triable issue of fact. *See Howard*, 783 F.2d at 1315.

42 U.S.C. § 1983 imposes liability upon any person who, acting under the color of state law, deprives another of federally protected rights. Therefore, section 1983 affords a remedy to those who suffer, as a result of state action, deprivation of rights, privileges, or immunities secured by the Constitution and the Laws of the United States. *White v. Thomas*, 660 F. 2d 680, 683 (5th Cir. 1981).

## **DISCUSSION**

In their Motion for Summary Judgment [28-1], Defendants contend that Plaintiff's official capacity claims against them are, in reality, claims against Jackson County. This means that Borden must demonstrate that his claims are actionable under the United States Supreme Court's jurisprudence

4

regarding municipal liability under section 1983. Additionally, in their Motion for Summary Judgment [28-1], Defendants argue that Plaintiff's individual capacity claims against them must fail because he has failed to establish that a violation of his rights occurred, or that Defendants' conduct was objectively unreasonable at any time.

Under 42 U.S.C. § 1983, liability may be imposed upon any person who, acting under the color of state law, deprives another of federally protected rights. It neither provides a general remedy for the alleged tort of state officials, nor opens the federal courthouse doors to relieve complaints of all who suffer injury at the hands of the state or its officers. Municipal liability under section 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose "moving force" is the policy or custom. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001); *Monell v. Dep't of Soc. Services*, 436 U.S. 658, 694 (1978). *Monell* and later decisions reject municipal liability predicated on *respondeat superior*, because the text of section 1983 does not support such a claim. *Board of Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 403 (1997). "Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort." *Monell*, 436 U.S. at 691.

A suit against a governmental agent or officer in their official capacity is a suit against the office that the employee holds and not against the actual employee. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). The three requirements for municipal liability outlined in *Piotrowski* are necessary in order to distinguish between individual violations by local employees and those that can be fairly attributed to conduct by the governmental entity itself. *See Piotrowski*, 237 F.3d at 578-9. The United States Supreme Court has clearly emphasized the necessity of an official policy as a predicate to recovery under a theory of municipal liability:

> [A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.

*Monell*, 436 U.S. at 695. Therefore, municipalities may not be held liable for acts of lower level employees, but may be held liable for constitutional violations committed pursuant to an official policy or custom. *Piotrowski*, 237 F.3d at 578.

In addition, not only must the plaintiff establish that a policy or custom of the municipality was the "moving force" behind the alleged violation of a constitutional right; he must also establish that the municipality was "deliberately indifferent" to the known consequences of the policy. *Piotrowski*, 237 F.3d at 580; *see Lawson v. Dallas County*, 286 F.3d 257, 264 (5th Cir. 2002) ("[T]he municipality must maintain its official policy with deliberate indifference to a constitutionally protected right.") Deliberate indifference is an objective standard which encompasses "not only what the policymaker actually knew but what he should have known, given the facts and circumstances surrounding the official policy and its impact on the plaintiff's rights." *Lawson*, 286 F.3d at 264. The Fifth Circuit has noted that a plaintiff bears an "extremely heavy burden" in establishing both the municipality's deliberate indifference and a causal link between the alleged custom and the alleged constitutional violation. *Peters v. City of Biloxi*, 57 F. Supp. 2d 366, 376 (S.D. Miss. 1999); *see Snyder v. Trepagnier*, 142 F.3d 791, 798 (5th Cir. 1998); *Piotrowski*, 237 F.3d at 580 (Stating that these two requirements "must not be diluted").

## **ANALYSIS**

Plaintiff claims that the individual defendants, Broadus and Byrd, are liable to him under section 1983 because of their employment with the JCADC. As outlined above, Borden's official capacity claims against these defendants are, in reality, claims against Jackson County. Borden must establish a

6

constitutional violation, and in addition must satisfy the three requirements necessary to impose municipal liability; that the JCADC had an official policy, practice or custom which would subject it to section 1983 liability; that the official policy is linked to the constitutional violation(s); and that the official policy reflects the JCADC's deliberate indifference to that injury. *See Lawson*, 286 F.3d at 263. The Court will examine Borden's official capacity claims against Broadus and Byrd using these guidelines.

I.  Conditions of Confinement

Borden asserts that his rights under the Eighth and Fourteenth Amendments have been violated based on his allegations that he was forced to sleep on the floor of the JCADC for six to fourteen nights while confined at the facility and that the facility was overcrowded. [15, p. 4-5.]

Borden contends that he was subjected to unconstitutional conditions of confinement while he was incarcerated as a pretrial detainee within the JCADC and that the Defendants are liable because they failed to remedy the situation. Borden argues that his right to due process of law was violated by the conditions of confinement at the JCADC. (*Id*., p. 4.) He claims that there were no drinking coolers with fresh water, and that the toilet and bath facilities were inadequate. (*Id*.) He asserts that conditions were unsanitary, without specifying the nature of the conditions and that he was forced to sleep on the floor at times. (*Id*., pp. 4-5.)

As a pretrial detainee, Borden's constitutional rights flow from the Fourteenth Amendment Due Process Clause rather than the Eighth Amendment prohibition against cruel and unusual punishment. Because a pretrial detainee has not yet been convicted of the crime with which they are charged, pretrial detainees have a due process right not to be punished for that crime. *Bell v. Wolfish,* 441 U.S. 520, 535 (1979). The Supreme Court has stated the distinction between conditions that may be constitutionally

imposed on convicted prisoners and conditions that may be imposed on pretrial detainees as follows:

> [T]he State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law. **Where the State seeks to impose punishment without such an adjudication, the pertinent constitutional guarantee is the Due Process Clause of the Fourteenth Amendment.**

*Ingraham v. Wright,* 430 U.S. 651, 671-2 (1977) (emphasis added). The Court, therefore, recommends that any claims brought under the Eighth Amendment be dismissed based on the fact that Borden was a pretrial detainee at the time of the incidents at issue in this suit.

When a detainee complains about the number of bunks in a cell or general overcrowding, the detainee is addressing a "condition of confinement." *See Scott v. Moore,* 114 F.3d 51, 53 (5th Cir. 1997) (*en banc*). The Fourteenth Amendment protects pretrial detainees from the imposition of conditions of confinement that constitute "punishment." *Hamilton v. Lyons,* 74 F.3d 99, 103 (5th Cir. 1996). "Punishment" may be loosely defined as "a restriction or condition that is not reasonably related to a legitimate goal - if it is arbitrary or purposeless" *Bell*, 441 U.S. at 539. "Reasonably related" means that the restriction is (1) rationally related to a legitimate governmental purpose, and (2) not excessive in relation to that purpose. *Bell*, 441 U.S. at 561. "[T]his test is deferential to jail rulemaking; it is in essence a rational basis test of the validity of jail rules." *Hare v. City of Corinth, Miss.,* 74 F.3d 633, 646 (5th Cir. 1996).

Overcrowding, in and of itself, is not necessarily unconstitutional. *Rhodes v. Chapman,* 452 U.S. 337 (1981). Only extreme deprivations can be characterized as punishment prohibited by the Eighth Amendment. *Hudson v. McMillian,* 503 U.S. 1, 8-9 (1992). A prisoner has no right to sleep on an elevated bed. *Mann v. Smith,* 796 F.2d 79, 85 (5th Cir. 1986); *see also Hubbard v. Taylor,* 538 F.3d 229, 235 (3d Cir. 2008) (forcing pretrial detainees to sleep on a floor mattress for three to seven months due

to overcrowding is not a constitutional violation). Borden makes no direct allegations that any of the Defendants intentionally operated the JCADC in an overcrowded condition as a form of punishment. The Court finds that Plaintiff has failed to establish that the overcrowding at the JCADC is not reasonably related to a legitimate governmental interest such as balancing an overwhelming number of detainees with a finite amount of available housing.

An official such as Broadus or Byrd who is sued in his individual capacity cannot be liable under § 1983 on the theory of *respondeat superior;* he must have been personally involved in the plaintiff's injury to be liable. *Williams v. Luna,* 909 F.2d 121, 123 (5th Cir. 1990). Borden presented no facts to establish that either Broadus or Byrd was personally involved in the overcrowding conditions in the JCADC, therefore, the Court recommends that the claims against Broadus and Byrd in their individual capacities in connection with the alleged overcrowded conditions be dismissed.

In addition, to succeed on a deprivation-of-hygiene claim, Borden must show an "extreme deprivation" of sanitation. See *Hudson,* 503 U.S. at 9 (citing *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981)). In other words, even if the pre-trial detainee establishes evidence of a punitive purpose, in conditions of confinement claims, there is "a *de minimis* level of imposition with which the Constitution is not concerned." *Hamilton,* 74 F.3d at 106. In this case, Borden contends that there was mold and mildew in the facility. He also contends that lack of toilet facilities made the conditions unsanitary and intolerable. Borden does not state with certainty how long he was exposed to these conditions. Regrettable as such exposure may be, Borden has not established that he is entitled to monetary damages for alleged pain, suffering, mental anguish and stress for alleged unsanitary conditions at the JCADC.

Borden alleges that inmates are unreasonably denied an opportunity to exercise in the form of

"yard calls," although he does not specify when he was denied recreation. [15, p. 9.] However, the Court finds that Plaintiff's contentions are not supported by the available evidence. The Defendants assert that Borden received ample recreation time, as evidenced by JCADC records. [31, p. 19.] Borden's cell units were provided adequate recreation time [31, Exhs. 9-10.] The dates and times for recreation were contingent on adequate staffing and favorable weather conditions. [31, Exh. 12.] The Court notes that Borden presented no direct evidence to indicate that he was ever denied a recreation period as a form of punishment. In addition, Borden has presented no evidence to establish that the alleged infrequency of yard calls was not reasonably related to a legitimate penalogical interest such as assuring inmate security. There is simply no evidence that outdoor recreational time was not offered to the inmates in Borden's unit or that deprivation of recreational time was intended to be used as a form of punishment. Any claims related to outdoor recreation do not rise to an actionable claim, and the Court recommends that the motion for summary judgment on these claims be granted. *See Collins v. Ainsworth*, 382 F.3d 529, 540 (5th Cir. 2004), *cert. denied* 547 U.S. 1055 (2006).

After a careful analysis of Plaintiff's allegations concerning the conditions of his confinement at the JCADC, the Court finds that Broadus and Byrd are entitled to qualified immunity as to Plaintiff's individual capacity claims. Plaintiff has failed to provide any direct evidence that Defendant Broadus imposed any of the alleged conditions as a punitive measure. Furthermore, Plaintiff has failed to submit evidence tending to prove that the alleged conditions were not reasonably related to a legitimate governmental interest. Therefore, Plaintiff has failed to establish a violation of a clearly recognizable constitutional right.

Borden also presents no direct evidence that any of the Defendants subjected him to a condition of confinement for the purpose of punishing him for the charges pending against him. Even if Borden

could show direct evidence that detention facility officials intended to punish him for crimes for which he had not yet been convicted, relief under § 1983 would not be warranted, because there is a certain *de minimis* level of imposition about which the Constitution is not concerned. *Bell*, 441 U.S. at 539 n. 21. The Court acknowledges that "certain prison conditions [are] so 'base, inhuman and barbaric' that they violate the Eighth Amendment." *Palmer v. Johnson*, 193 F.3d 346, 352 (5th Cir. 1999) quoting *Novak v. Beto,* 453 F.2d 661, 665 (5th Cir. 1971). However, in order to prove deliberate indifference, Borden must allege facts sufficient to establish that the defendants knew he faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it. Borden has failed to prove that the defendants acted with deliberate indifference, and none of Borden's allegations concerning the conditions of his confinement give rise to a constitutional claim. *See Hamilton*, 74 F.3d at 106-7.

In addition, Borden presents no evidence that the JCADC had an official policy in existence which violated his constitutional rights. The Court finds that bare allegations, offered without proof, are insufficient to support a claim that there existed a policy or custom which was the moving force behind any alleged constitutional violation. At best, Plaintiff's assertions amount to isolated instances of negligent conduct, which are insufficient to support an official capacity claim against Jackson County, Mississippi.

The Court further recommends that Borden failed to create a genuine issue regarding whether the conditions of his confinement were imposed as a form of punishment. The record is bereft of any facts tending to indicate that Jackson County or any JCADC official was actually aware of the allegedly unconstitutional conditions at the JCADC. In addition, Borden has failed to allege an express intent on the part of Jackson County or any JCADC official to subject him to the allegedly unconstitutional

11

conditions as a measure of punishment. Accordingly, the Court recommends that Borden's conditions of confinement claims do not rise to actionable claims and must be dismissed.

II.  Right to Access to Courts

Borden asserts that his First and Fourteenth Amendment rights to access to courts were violated while he was detained because the JCADC law library has an "inadequately trained person assisting inmate." [15, p. 4.] (*Id*.) Borden complains that Broadus allegedly went through Borden's personal belongings and threw away newspaper clippings and notes which Borden contends were needed for his trial although Borden asked Broadus not to search his belongings. (34, p. 2.) He contends that his legal materials were inspected following the federal trial, and that materials were removed and stored which he alleges hampered his ability to address his federal *habeas corpus* petition. (*Id*., p. 3.)

Prisoners have a First Amendment right of meaningful access to the courts through adequate law libraries or assistance from legally trained personnel. *Bounds v. Smith,* 430 U.S. 817, 828 (1977); *Degrate v. Godwin,* 84 F.3d 768, 768-9 (5th Cir. 1996). However, "[w]hile the precise contours of a prisoner's right of access to the courts remain somewhat obscure, the Supreme Court has not extended this right to encompass more than *the ability of an inmate to prepare and transmit a necessary legal document to a court.*" *Brewer v. Wilkinson,* 3 F.3d 816, 821 (5th Cir. 1993), *cert denied* 510 U.S. 1123 (1994); *accord Terry v. Hubert,* 609 F.3d 757, 762 (5th Cir. 2010). "The right of access to the courts, however, 'guarantees no particular methodology but rather the conferral of a capability - - the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts.'" *Terry,* 609 F.3d at 761 (quoting *Lewis,* 518 U.S. at 354).

According to the defendants, Borden was advised to remove some of the papers from his cell, because those papers constituted a fire hazard. [31, Exh. 8.] Borden was given a deadline to remove the

12

papers, and when the papers were not removed, the papers were bagged and removed to storage. (*Id.*) Borden was told that he could request that the papers be retrieved from storage when Borden needed access to the papers. (*Id.*) Removal of papers to eliminate a fire hazard is an acceptable solution to the problem of clutter in jail cells. *See Cruz v. Hauck*, 515 F.2d 322, 333 (5th Cir. 1975), *cert denied* 424 U.S. 917 (1976).

To state a claim that his constitutional right of access to the courts was violated, Borden must demonstrate that his position as a litigant was actually prejudiced. *Lewis,* 518 U.S. at 356; *Terry,* 609 F.3d at 762; *Brewster v. Dretke,* 587 F.3d 764, 769 (5th Cir. 2009). The inmate must "demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Lewis,* 518 U.S. at 351. Borden cannot establish the essential elements of a First Amendment claim; his pleadings in this case are sufficient to prosecute his civil case in this court and he cannot show that his position as a litigant was prejudiced. The Court, therefore, recommends that the motion for summary judgment on Borden's First Amendment claims be granted.

III.    Claims under the Fourth Amendment

Borden contends that his rights under the Fourth Amendment were violated by Broadus, Byrd and Jackson County, but offers nothing in particular to outline his claim. [1, 15.] "Fourth Amendment claims are appropriate only when the complaint contests the method or basis of the arrest or seizure of the person." *Jones v. City of Jackson*, 203 F.3d 875, 880 (5th Cir. 2000), *reh'g denied* March 20, 2000. At best, Borden argues that he was arrested without a warrant by the Jackson County Sheriff's Department and was not brought before a magistrate until October 13, 2008. [34, p. 1.] Borden contends that he was detained in excess of the 48 hour rule for appearing before a magistrate in violation of Mississippi Code Annotated § 99-3-17. (*Id.*, pp. 1-2.) Defendants assert that Borden suffered no injury

13

because of the delay, because he entered a guilty plea to the state charges for which he was arrested. [35, p. 3.]

The United States Supreme Court has held that where the success in a prisoner's § 1983 damages action would implicitly question the validity of their conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence. *See Heck v. Humphrey*, 512 U.S. 477 (1994). Claims which attack the fact or duration of confinement, as well as claims which are so intertwined with attacks on confinement that their success would necessarily imply revocation or modification of confinement, must be brought as a *habeas corpus* petition and not under § 1983. *See Kutzner v. Montgomery County*, 303 F.3d 339 (5th Cir. 2002). Borden's claims connected with his alleged delay in appearing before a magistrate should be dismissed for failing to first achieve favorable termination of his available state or federal *habeas* opportunities challenging his underlying conviction. Despite the failure of these claims to be brought under a *habeas* petition, the Court will address Borden's claims under a § 1983 analysis, because the claims lack merit.

To establish liability against these defendants, Borden must show that there was a constitutional deprivation and that the defendants were liable for the alleged deprivation. *Ashwander v. Tenn. Valley Auth.,* 297 U.S. 288, 347 (1936) (Brandeis, J., concurring). That court explained as follows:

> A Section 1983 claimant must establish that the defendant was either personally involved in the deprivation or that his wrongful actions were causally connected to the deprivation. If the defendant is a municipality or other body of local government, the alleged deprivation must be connected to a government custom, policy statement, ordinance, regulation, or decision officially adopted and promulgated by the body's officers. Although municipalities are not vicariously liable for violations committed by their employees, they are liable whenever their official policies cause their employees to violate another person's constitutional rights, and for actions taken by an official with final policymaking authority in that area. A supervisor is not personally liable for his subordinate's actions in which he had no involvement.

Borden has not demonstrated that Broadus or Byrd were the moving force behind the delay or otherwise caused the alleged violations of his constitutional rights. Accordingly, the Court recommends that the defendants' motion for summary judgment on Borden's claims brought under the Fourth Amendment should be granted.

IV. Claims under the Fifth Amendment

Borden's Fifth Amendment claim of a denial of his right to due process must also fail. The Fifth Amendment applies only to violations of constitutional rights by the United States or a federal actor. *See Morin v. Caire,* 77 F.3d 116, 120 (5th Cir. 1996). There is no allegation that any of these defendants were acting under authority of the federal government, and the defendants are not part of the federal government. The Court, therefore, recommends that the defendants' motion for summary judgment on Borden's Fifth Amendment claims be granted. *Jones*, 203 F.3d at 880.

V. Sixth Amendment Claims

Pre-trial detainees are ordinarily most interested in communication with attorneys as a vital component of their right to counsel in pending criminal prosecutions. Since the right to effective counsel under the Sixth Amendment extends only to criminal matters, it is applicable solely to pre-trial detainees or to a convicted prisoner being tried on additional charges or contesting the legality of a previous conviction, which is not applicable in this case. *See Wolff v. McDonnell*, 418 U.S. 539, 576 (1974); *Taylor v. Sterrett*, 532 F.2d 462, 472 (5th Cir. 1976). The Court recommends that Borden's claims advanced under the Sixth Amendment should be dismissed.

VI. Qualified Immunity

Borden asserts claims against the Defendants in their individual capacities. In response, Defendants plead the affirmative defense of qualified immunity. In assessing a claim of qualified

15

immunity, the determination must first be made as to whether the plaintiff has alleged a violation of a clearly established constitutional right. *Siegert v. Gilly*, 500 U.S. 226, 231 (1991). If a violation of a right has been alleged, then it must be determined whether the defendant's conduct was objectively reasonable. Even if the conduct violates a constitutional right, qualified immunity is applicable if the conduct was objectively reasonable. *Hare v. City of Corinth, Miss*, 135 F.3d 320, 327 (5th Cir. 1998).

Borden complains that Sheriff Byrd failed to properly supervise the other jail officials. [1, p. 9.] Other than conclusory remarks, however, Borden does not specify any particular acts committed by Byrd sufficient to establish liability against him in his individual capacity. *See Fernandez-Montes v. Allied Pilots Ass 'n,* 987 F.2d 278, 284-5 (5th Cir. 1993). Therefore, Borden fails to state a claim against the Sheriff for failure to supervise, and the Court recommends that these claims should be dismissed.

In this case, Borden has not presented any evidence sufficient to allege a violation of a clearly established constitutional right or any unreasonable conduct on the part of the Defendants. After reviewing the evidence of record in a light most favorable to Borden, the Court is unable to conclude that Borden creates a genuine issue as to whether he suffered a violation of his constitutional rights. Thus, the Court recommends that the Defendants are entitled to qualified immunity and that the defendants' motion for summary judgment on any claims brought against them in their individual capacities should be granted.

VI.   Claim for Injunctive Relief

Borden's transfer to another prison has rendered moot any claims for injunctive relief against these Defendants. *Rocky v. King,* 900 F.2d 864, 867 (5th Cir. 1990), *Moore v. Stice*, 983 F.2d 1064 (5th Cir. 1993)(table), *see Cooper v. Sheriff, Lubbock County, Tex.,* 929 F.2d 1078, 1084 (5th Cir. 1991); *Gillespie v. Crawford,* 858 F.2d 1101, 1103 (5th Cir. 1988). The Court, therefore, recommends that the

Defendants are entitled to summary judgment on Borden's claim for injunctive relief.

VII.  Claim for Declaratory Relief

If Borden's claims, whether for damages, declaratory relief, or injunctive relief, implies the invalidity of his conviction and he has not shown his conviction to have been overturned or otherwise declared invalid, then his claims are not cognizable in a Section 1983 action. *See Heck*, 512 U.S. at 486; *see also Edwards v. Balisok*, 520 U.S. 641, 648 (1997). After reviewing the record and all the evidence, the Court finds that Borden's claim for declaratory relief is so intertwined with his criminal conviction, that a favorable ruling would imply the invalidity of his conviction. Furthermore, there is no evidence, nor did Borden allege, that his criminal conviction has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ *of habeas corpus*." *Heck*, 512 U.S. at 486-7.

Also, Borden seeks a declaratory judgment that the acts and practices performed by the Defendants allegedly violate the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution and § 1983. [1, 15.] Borden has no standing to bring such a claim for declaratory relief; Article III of the United States Constitution limits federal courts' jurisdiction to "cases" and "controversies." U.S. Const. Art. III § 2; *Lujan v. Defenders of Wildlife,* 504 U.S. 555 (1992). "To pursue an injunction or a declaratory judgment, the [plaintiffs] must allege a likelihood of future violations of their rights by [the defendant], not simply future effects from past violations." *Armstrong v. Turner Indus., Inc.,* 141 F.3d 554, 563 (5th Cir. 1998) (citing *Fair Emp't Council of Greater Wash., Inc. v. BMC Mktg. Corp.,* 28 F.3d 1268, 1273 (D.C. Cir.1994)). When a plaintiff "allege[s] only a single, past statutory violation and does not assert any likelihood that he will be subjected to a similar violation in the future," he does not have standing to seek the prospective relief

17

allowed under *Ex parte Young. See Armstrong,* 141 F.3d at 563; *see also Davis v. Tarrant County, Tex.,* 565 F.3d 214, 2009 WL 931169, *11 (5th Cir. 2009). The Court, therefore, recommends that summary judgment be granted on Borden's claim for declaratory relief.

VII.    State Law Claims

Although it is not clear that Borden has pleaded any claims against these Defendants under state law, the Court will address such claims out of an abundance of caution. Any such state law claims are barred by Borden's failure to follow the requirements of the Mississippi Tort Claims Act, Mississippi Code Annotated 11-46-1, *et seq*. In addition, the claims are barred by the "inmate exception" portion of the statute, MISS. CODE ANN. § 11-46-9(1)(m) (providing that governmental entity and employees in course and scope of employment not liable for any claim "[o]f any claimant who at the time the claim arises is an inmate of any detention center . . . regardless of whether such claimant is or is not an inmate of any detention center . . ..") Accordingly, the Court recommends that the defendants' Motion for Summary Judgment on Borden's state law claims should be granted.

VII.    Borden's Motion for Summary Judgment

Borden filed a motion for summary judgment, in which he argues that he should prevail on each of his claims against the defendants. [32, pp. 1-2.] He asserts that conditions at JCADC were overcrowded, the inmates had to sleep on mattresses on the floor, and that recreation time was not allowed at the facility so that he should be entitled to compensation. [32, p. 3.] Borden further asserts that the defendants are not entitled to claim immunity in this case. (*Id*., p. 4.) The Court has recommended that the defendants' motion for summary judgment should be granted and the analysis addresses each of Borden's assertions regarding why he claims summary judgment in his favor should be granted. Accordingly, the Court further recommends that Borden's motion for summary judgment

should be denied.

## **CONCLUSION**

Based on the forgoing analysis, this Court is of the opinion that Plaintiff has failed to meet his burden of demonstrating any genuine issues of material fact which would preclude summary judgment on his section 1983 claim. Therefore, this Court recommends the Defendants' Motion [30] for Summary Judgment should be granted, and that all claims against the Defendants should be dismissed with prejudice, both in their individual and official capacities. The Court also recommends that Borden's Motion for Summary Judgment [32] should be denied. The Court further recommends that the complaint in this case be dismissed.

In accordance with the Rules of this Court, any party, within fourteen days, or by no later than September 7, 2012, after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Services Auto Ass'n*, 79 F.3d 1425 (5th Cir. 1996). A copy of this R & R has been forwarded to petitioner at his last known address by certified mail, return receipt requested.

This the 24th day of August, 2012.

                                                   s/ John M. Roper
                                        CHIEF UNITED STATES MAGISTRATE JUDGE